IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE C. PERSCHKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-393-E |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 11th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision that Plaintiff's eligibility for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., ended on September 22, 2014, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.1594; Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises three primary arguments in regard to her claim that the Administrative Law Judge ("ALJ") erred in finding that she was no longer disabled under the Social Security Act as of September 22, 2014 because of medical improvements in her impairments. She first asserts that the ALJ failed adequately to identify a decrease in the medical severity of her impairments based on improved symptoms, signs, or laboratory findings. She further argues that the ALJ failed to properly evaluate the medical opinion evidence in the record in formulating her residual functional capacity ("RFC"). Finally, she alleges that the ALJ did not properly address her mental impairments of anxiety and depression. The Court finds no merit in these various arguments and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff had previously been found to be disabled due to fibromyalgia and neck disorder with an onset date of January 1, 2006. However, pursuant to 20 C.F.R. § 404.1594, the Social Security Administration ("SSA") is required to review a claimant's continued entitlement to benefits periodically. Among the factors considered by the SSA in determining whether the claimant's disability continues is whether "there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(a).

> Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s).

Id. at § 404.1594(b)(1). Plaintiff contends that the ALJ failed to base her finding that there had been sufficient medical improvement in Plaintiff's impairments of fibromyalgia and neck disorder on specific evidence of improvement in her symptoms, signs, and/or laboratory findings. She also argues that the ALJ over-relied on the findings of the consultative examiner in rendering her decision. The Court disagrees.

Contrary to Plaintiff's claims, the ALJ expressly relied on the signs demonstrated by the clinical findings of Hua Yang, M.D., the consultative examiner, from August 27, 2014. (R. 62-65, 366-378). Dr. Yang's findings were based on a physical examination of Plaintiff employing medically acceptable clinical diagnostic techniques and clearly showed less limitation than had been found in 2009. These clinical findings, therefore, were sufficient to establish improvement in the signs associated with Plaintiff's disability. See 20 C.F.R. § 404.1528(b). While Plaintiff alleges that the ALJ over-relied on these findings, the ALJ actually examined the record as a whole, including the opinions of the state reviewing agents, in holding that there was sufficient

evidence of medical improvement in Plaintiff's symptoms. (R. 62-65). Indeed, she found the longitudinal treatment records to be supportive of the findings or Dr. Yang, as well as the opinions of the state reviewing agents. (R. 63). The ALJ also, contrary to Plaintiff's position, pointed to evidence that Plaintiff was able to perform her activities of daily living after September 22, 2014. (R. 64, 589). Given the ALJ's thorough consideration and analysis of the record evidence, the Court finds that her determination of medical improvement is supported by substantial evidence.

Plaintiff next argues that, even if there was sufficient medical improvement in her impairments, the ALJ failed to formulate an accurate RFC because she gave too little weight to the opinions of John Kalata, D.O., Plaintiff's treating physician (R. 431, 620-25) and too much to those of the consultative examiner, Dr. Yang (R. 366-378), and state reviewing agents (R. 379-91, 392-98, 399-406, 412-24). Plaintiff is correct, of course, that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Here, the ALJ included in her decision a substantial discussion as to why she weighed the medical opinions as to Plaintiff's functional limitations as she did and as to how she formulated Plaintiff's RFC.

The ALJ discussed at significant length how Dr. Kalata's opinions were inconsistent with the medical record, Plaintiff's treatment history, and the other medical opinions. (R. 71-72). Indeed, the ALJ provided very specific examples of ways in which the record was inconsistent with Dr. Kalata's opinion, such as the lack of any evidence of her need to lie down

3

unpredictably. (R. 71). She also noted that Dr. Kalata opined that Plaintiff had marked limitations in daily activities despite having previously noted in his records that she could perform her activities of daily living. (R. 71, 589, 625). The ALJ further noted that Dr. Kalata's 2014 and 2017 opinions were lacking in the record support that his earlier opinions had when Plaintiff was found to be disabled in 2009. (R. 72).

The ALJ also pointed out that Dr. Kalata's opinions were inconsistent with those of the consultative examiner and state reviewing agents. Plaintiff argues that giving more weight to these opinions than to those of the treating physician was improper. However, although "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

The ALJ thoroughly discussed how the medical record, including Dr. Yang's own clinical findings, supported Dr. Yang's opinion and those of the reviewing agents moreso than those of Dr. Kalata. Moreover, the ALJ did not merely adopt the opinions of these medical professionals, but rather included more stringent limitations in the RFC than the ones contained in those opinions. The ALJ further discussed various aspects of the record more supportive of those opinions than of Dr. Kalata's. She noted, for instance, that, in July of 2014, Plaintiff had claimed she was doing well to Dr. Kalata, and that it was only after she was notified of her cessation of disability benefits that she returned to Dr. Kalata to report that her pain was not well controlled. (R. 67, 363, 410).

The ALJ was quite specific as to how she determined the proper RFC, accounting expressly for such factors contained in the record as potential changes in Plaintiff's medications and her vulnerability to temperature and environmental extremes. (R. 67). She noted that there were clear inconsistencies between what Plaintiff told her doctors and what she told the ALJ at the hearing about her compliance with treatment. (R. 69 n.6). The ALJ also discussed that Dr. Kalata suspected that Plaintiff was giving away prescribed narcotic pain medication rather than using it, implying that her pain level was not as severe as she had claimed. (R. 72, 537, 596). The ALJ was thorough in her RFC findings, and the Court finds that they are supported by substantial evidence.

Plaintiff's third argument is that the ALJ failed adequately to account for her anxiety and depression. While Plaintiff points out that the ALJ failed to even find these impairments to be severe, she acknowledges that the issue is not really whether these conditions were found to be severe impairments but rather whether they were adequately reflected in the RFC. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006) (explaining that the "Step Two" determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment); Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (stating that as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe.); Lee v. Astrue, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since the finding that Plaintiff was no longer disabled was not based on a lack of severe impairments, it does not matter whether the ALJ correctly or incorrectly found that Plaintiff's alleged anxiety and depression were not severe impairments.

Of course, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's anxiety and depression to be severe impairments does not mean that these conditions could not still have affected Plaintiff's RFC.

Here, however, the ALJ's discussion as to why she found Plaintiff's anxiety and depression to be non-severe was comprehensive and arguably supported by substantial evidence. Regardless, however, the ALJ specifically included limitations in the RFC, limiting Plaintiff to simple and routine work, to account for the effects of stress on her ability to work. (R. 61, 66, 69). She therefore clearly accounted for these impairments, even though she found them not to be severe, in the RFC. Plaintiff does not suggest what additional functional limitations were needed to properly reflect her anxiety and depression. It is important to remember, though, that the issue is not whether Plaintiff did, in fact, suffer from anxiety and depression, but whether these conditions "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The ALJ explained how she formulated Plaintiff's RFC in significant detail, and the Court finds her determination to be supported by substantial evidence. Accordingly, for all of the reasons stated herein, the Court hereby affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and that Defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:	Counsel of record